IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| ANGELA FAVORS-MORRELL; and TONY L. MORRELL, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES; U.S. ATTORNEY EDWARD J. TARVER; MELISSA MUNDELL; JAMES D. DURHAM; THOMAS CLARKSON; and T. SHANE MAYES, <br><br> Defendants. | CIVIL ACTION NO.: 2:15-cv-24 |

## ORDER

This matter is before the Court on Defendants' Motion to Stay Discovery and to Stay Rule 26 Requirements Pending Resolution of Defendant's Motion to Dismiss, with Incorporated Memorandum of Law. (Doc. 24.) After careful consideration and for the reasons set forth below, Defendants' Motion is **GRANTED**.

Plaintiffs filed a Complaint initiating the above-styled action on February 24, 2015 (doc. 1), and then amended their Complaint on March 3, 2015 (doc. 5). On May 15, 2015, Defendant United States filed a pre-answer Motion to Dismiss (doc. 16); and on June 12, 2015, Defendants Tarver, Mundell, Durham, Clarkson and Mayes also filed a pre-answer motion to dismiss (doc. 22). Defendants then collectively filed the present Motion to Stay on June 29, 2015. (Doc. 24.) In their motion, Defendants submit that the parties, on April 6, 2015, conducted a combined Rule 26(f) conference regarding the present action and civil action no.

2:15-cv-19.¹ (Doc. 24, p. 2) Defendants further submit that the parties, at the Rule 26(f) conference, agreed to stay discovery in this matter pending a resolution of the Defendants' Motion to Dismiss. (Id., p. 2) Plaintiffs filed an objection to Defendants' Motion to Stay on July 7, 2015.² (Doc. 26.)

With regard to the timing of discovery, the Court of Appeals for the Eleventh Circuit has recognized that

> [i]f the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.

Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1368 (11th Cir. 1997) (footnotes omitted). For these reasons, this Court, and other courts within the Eleventh Circuit, routinely find good cause to stay the discovery period where there is a pending motion to dismiss. See, e.g., Habib v. Bank of Am. Corp., No. 1:10-cv-04079-SCJ-RGV, 2011 WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011) (citing Chudasama, 123 F.3d at 1368) ("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendant's] motion to dismiss to avoid undue

---

¹ Defendants relay that although the Rule 26(f) Report was prepared and provided, Plaintiffs have not yet returned a signed copy to Defendants for filing with the Court. The Court notes from the docket that the Rule 26(f) Report was due to be filed on June 29, 2015, the date upon which the Defendants filed the present Motion to Stay.

² Plaintiffs' pleading titled "The Plaintiff Objects to the Defendants Motion to Stay Discovery and to Stay Rule 26 Requirements Pending Resolution of Defendant's Motion to Dismiss with Incorporated Memorandum of Law" appears to object to a stay of discovery due to Defendants Tarver, Mundell, Durham, Clarkson and Mayes having not yet been served in their individual capacities stating that "the Rule 26(f) has not been completed." (Doc. 26, p. 3) However, Plaintiffs include a signed copy of the Rule 26(f) Report for this matter as an attachment to their pleading wherein the parties request that discovery be stayed pending a ruling on Defendants' Motion to Dismiss. (Id., pp. 13-20.) Additionally, to the extent that Plaintiffs have not properly served any Defendant, the stay of this case does not prevent Plaintiffs from being able to effectuate service. Indeed, the stay of this case does not apply to Federal Rule of Civil Procedure 4(m)'s deadline for service of process and does not affect the obligation of Plaintiffs to serve Defendants.

expense to both parties."); Berry v. Canady, No. 2:09-cv-765-FtM-29SPC, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011) (quoting Moore v. Potter, 141 F. App'x 803, 807 (11th Cir. 2005)) ("[N]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss].").

In the case at hand, the Court finds that good cause exists to stay this case until such time as a ruling is made on Defendants' Motions to Dismiss and that no prejudice will accrue to the parties if Defendants' request is granted. Specifically, a ruling on Defendants' Motions to Dismiss before the commencement of discovery may save the parties time and resources by clarifying what issues, if any, the parties will need to address in discovery.

THEREFORE, IT IS HEREBY ORDERED that all proceedings, including discovery, are stayed pending a ruling by the Court on Defendants' Motions to Dismiss (docs. 16, 22). It is further ORDERED that within twenty-one (21) days following the Court's ruling on Defendants' Motions to Dismiss, should this case remain pending before the Court, the parties are directed to again meet and confer pursuant to Rule 26(f). Additionally, the parties are to file a Rule 26(f) Report within seven (7) days of the Rule 26(f) conference.

**SO ORDERED**, this 3rd day of August, 2015.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE