# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| ANGELA FAVORS-MORRELL and TONY L. MORRELL, | * * * | |
| Plaintiffs, | * * | |
| v. | * * | CV 215-24 |
| UNITED STATES, U.S. ATTORNEY EDWARD J. TARVER, MELISSA M. MUNDELL, JAMES D. DURHAM, THOMAS CLARKSON, and T. SHANE MAYES, | * * * * * | |
| Defendants. | * | |

## ORDER

This matter comes before the Court on several motions: a Motion to Dismiss filed by Defendant United States (the "Government") (dkt. no. 16); a Motion to Dismiss filed by the individual Defendants including U.S. Attorney Edward J. Tarver and Assistant U.S. Attorneys Melissa M. Mundell, James D. Durham, Thomas Clarkson, and T. Shane Mayes (collectively, the "Individual Defendants") (dkt. no. 22); a Motion for Legislative Consent To Waive Sovereign Immunity filed by Plaintiffs Angela Favors-Morrell and Tony L. Morrell (collectively, "Plaintiffs") (dkt. no. 36); and a Motion to Strike Plaintiffs' Request for Legislative Consent to Waive Sovereign Immunity, filed by the Individual Defendants (dkt. no. 39). For the following reasons,

the Government's Motion to Dismiss (dkt. no. 16) and the Individuals Defendants' Motion to Dismiss (dkt. no. 22) are **GRANTED**, and Plaintiffs' claims against all Defendants are **DISMISSED**. Additionally, Plaintiffs' Motion for Legislative Consent To Waive Sovereign Immunity (dkt. no. 36), and the Individual Defendants' Motion to Strike the same (dkt. no. 39), are **DISMISSED as MOOT**.

## FACTUAL BACKGROUND

Plaintiffs contend that the Individual Defendants, acting in concert and under the color of federal law, "used scare tactics and harassed . . . Plaintiff [Angela Favors-Morrell]" in the course of other civil actions between the Plaintiff and the Government or one or more of the Defendants. Dkt. No. 5, p. 2.[1]

- On one occasion, Plaintiff Angela Favors-Morrell allegedly requested the names and contact information of the individuals representing the Government in certain of these actions. Id. According to Plaintiffs, "[t]his request for information should not have required intervention by the [United States Marshals Service]," but the Individual

---

[1] While not detailed in the Amended Complaint, Plaintiffs' original Complaint cited the following prior civil actions: Favors-Morrell v. United States, No. CV 214-164, 2015 WL 3766853 (S.D. Ga. June 15, 2015); Favors-Morrell v. United States of America, No. 2:11-cv-91 (S.D. Ga. Nov. 30, 2011); Favors-Morrell v. United States of America, No. 2:09-cv-58 (S.D. Ga. Dec. 16, 2009); and Favors Morrell v. Summers, No. 2:00-cv-158 (S.D. Ga. Apr. 2, 2002). Dkt. No. 1, p. 2. The pleadings, however, are unclear as to which civil action or actions many of Plaintiffs' allegations in this case relate.

AO 72A
(Rev. 8/82)

Defendants nevertheless "required the [P]laintiff to report to a meeting with the [U.S. Marshals] on June 10, 2014." Id.

- Plaintiffs aver that on February 20, 2015, the Individual Defendants "threatened sanctions" against Plaintiff Angela Favors-Morrell and "[a]ccused [her] of [a] continued frivolous pattern of litigation, harassment and threats . . . as an inducement to settle" the action pending at that time. Id. at p. 3 (citing Favors-Morrell, 2015 WL 3766853, at *1).

- Plaintiffs describe having had conversations with Defendant Thomas Clarkson at some point in time, in which the Defendant allegedly explained the procedures for exchanging discovery. Id. at p. 4. Plaintiffs assert that Plaintiff Angela Favors-Morrell notified the Defendant of her homelessness and requested to conduct this exchange electronically rather than by mail. Id.

- Plaintiffs generally allege that the Individual Defendants "misled courts [and] withheld evidence" during litigation. Id. at pp. 4-5.

In these instances, Plaintiffs maintain, the Individual Defendants sought to use their positions as government employees to bring about unjust settlements or court decisions and, ultimately, committed ethical violations and threatened to deny

3

Plaintiff Angela Favors-Morrell her due process rights. Id. at
p. 4.

## PROCEDURAL BACKGROUND

On February 24, 2015, Plaintiffs filed a Complaint pursuant
to 42 U.S.C. § 1983 ("Section 1983") against the Government and
the Individual Defendants. Dkt. No. 1. Plaintiffs filed an
Amended Complaint on March 3, 2015, naming only the Individual
Defendants and seeking relief under Section 1983, 42 U.S.C. §
1986 ("Section 1986"), and Bivens v. Six Unknown Named Agents of
Federal Bureau of Narcotics, 403 U.S. 388 (1971), for alleged
violations of their rights under the "First Amendment, Fourth
Amendment Due Process Clause[,] . . . and Fifth Amendment."
Dkt. No. 5. The Court then directed that service be made on the
Government and the Individual Defendants. Dkt. Nos. 6, 13. The
Government and the Individual Defendants moved to dismiss this
action on May 15, 2015, and June 12, 2015, respectively, and
those Motions are now fully briefed. Dkt. Nos. 16, 22-23, 27,
30, 32. Additionally, Plaintiffs' Motion for Legislative
Consent To Waive Sovereign Immunity, dated November 17, 2015,
and the Individual Defendants' Motion to Strike this request,
are ripe for review. See Dkt. Nos. 36, 38-40, 42.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a) requires that a
plaintiff's complaint contain both "a short and plain statement

AO 72A
(Rev. 8/82)

of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). Accordingly, a responding party may move to dismiss the complaint based on a "lack of subject-matter jurisdiction," Fed. R. Civ. P. 12(b)(1) ("Rule 12(b)(1)"), or a "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)"). Motions to dismiss under Rule 12(b)(1) and Rule 12(b)(6) challenge the legal sufficiency of the complaint. See Fed. R. Civ. P. 12(b)(1), (6).

A court applies the same standards of review in evaluating dismissal based on a lack of subject-matter jurisdiction and a failure to state a claim. See Carmichael v. Kellogg, Brown & Root Servs., Inc., 572 F.3d 1271, 1279 (11th Cir. 2009). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (interpreting Fed. R. Civ. P. 8(a)(2)). To be plausible on its face, a complaint must set forth enough facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A plaintiff, therefore, must plead more than mere labels and conclusions, and a formulaic

5

recitation of the elements of a particular cause of action does not suffice. Twombly, 550 U.S. at 555. Rather, at a minimum, a complaint should "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)).

In evaluating a motion filed pursuant to Rule 12(b)(1) or Rule 12(b)(6), a court must "accept as true the facts as set forth in the complaint and draw all reasonable inferences in the plaintiff's favor." Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Ordinarily, a court's review on a motion to dismiss is limited to the factual allegations on the face of the complaint. See Iqbal, 556 U.S. at 678. If a court is presented with matters outside the pleadings on a motion to dismiss, the motion to dismiss is converted into one for summary judgment. Fed. R. Civ. P. 12(d). However, there are certain instances in which a court may consider matters outside the pleadings without transforming a motion to dismiss into a summary judgment motion, see Davis v. Self, 547 F. App'x 927, 929 (11th Cir. 2013), including, for example, where those outside matters are facts subject to judicial notice, see Fed. R. Evid. 201(a)-(d); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322

6

(2007); see also Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

**DISCUSSION**

**I.    The Government's Motion to Dismiss (Dkt. No. 16)**

The Government moves for its dismissal from this case on the theory that Plaintiffs failed to name it as a Defendant in the Amended Complaint and thus abandoned any claims against it. Dkt. No. 16, p. 3 & n.2. Even if Plaintiffs had included it in the Amended Complaint, the Government contends, it is not subject to suit under Section 1983, Section 1986, or Bivens. Id. at pp. 3-5.

Pursuant to Federal Rule of Civil Procedure 15(a) ("Rule 15(a)"), plaintiffs may amend a complaint "as a matter of course" within either (a) twenty-one days after serving it or (b) twenty-one days after receiving service of a responsive pleading or motion, if one is required. Fed. R. Civ. P. 15(a)(1). "As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading." Schreane v. Middlebrooks, 522 F. App'x 845, 847 (11th Cir. 2013) (quoting Varnes v. Local 91, Glass Bottle Blowers Ass'n, 674

AO 72A
(Rev. 8/82)

F.2d 1365, 1370 n.6 (11th Cir. 1982)). Once a court accepts an

amended complaint, "the original [complaint] is abandoned by the

amendment, and is no longer a part of the pleader's averments

against his adversary." Id. (quoting Pintando v. Miami-Dade

Hous. Agency, 501 F.3d 1241, 1243 (11th Cir. 2007)).

Plaintiffs do not properly assert any causes of action

against the Government in this case. Plaintiffs' original

Complaint named the Government as a Defendant, presumably

seeking to hold it liable for the alleged actions of the

Individual Defendants under a theory of respondeat superior.

See Dkt. No. 1. However, Plaintiffs' Amended Complaint, which

neither refers to nor adopts the original Complaint, does not

list the Government among the party-Defendants or make any

factual allegations against it. See Dkt. No. 5. At no time—

even after the Government filed the instant Motion to Dismiss on

these grounds—have Plaintiffs attempted or requested permission

to further amend their pleading so as to add the Government as a

Defendant in this action.[2] Because the Amended Complaint is now

the operative pleading and does not name or otherwise set forth

---

[2] In their Motion to Strike, the Individual Defendants submit that
Plaintiffs' Motion for Legislative Consent To Waive Sovereign Immunity
is essentially another amended complaint. Dkt. No. 39, p. 3 n.1.
While Plaintiffs' Motion does purport to set forth the basis for this
Court's jurisdiction to afford relief, it neither follows the
structure and format nor includes the factual content characteristic
of Plaintiffs' original and amended complaints. See Dkt. Nos. 1, 5,
36. Because it does not appear that Plaintiffs intended this filing
to serve as an amendment to their pleading, the Court declines to
construe it as such.

AO 72A
(Rev. 8/82)

any claims against the Government, the Government must be dismissed as a Defendant from this case. The Government's Motion is thus **GRANTED.**

## II. Plaintiffs' Motion for Legislative Consent To Waive Sovereign Immunity (Dkt. No. 36)

In their Motion, Plaintiffs "request express legislative consent to waive sovereign immunity to proceed" against the Government. Dkt. No. 36, p. 1. Plaintiffs contend that this Court has jurisdiction to adjudicate claims against the Government pursuant to 11 U.S.C. § 106 ("Section 106") and the Tucker Act, 28 U.S.C. §§ 1346(a), 1491 (the "Tucker Act"). Id. at pp. 1-2.

Plaintiffs' Motion is readily subject to dismissal. As discussed above, Plaintiffs have not properly named the Government as a party-Defendant in this action. See supra Part I. Accordingly, there is no reason to entertain any arguments as to the Government's immunity from suit or this Court's jurisdiction to hear claims against it. Plaintiffs' Motion is, therefore, **DISMISSED as moot.** The Court notes, however, that even if the Government remained a named Defendant in this action, Plaintiffs' Motion would be due to be denied, because the asserted grounds for waiving sovereign immunity—namely, Section 106 and the Tucker Act—are inapplicable here. See 11 U.S.C. § 106 (abrogating sovereign immunity for governmental

AO 72A
(Rev. 8/82)

units in certain bankruptcy proceedings); 28 U.S.C. § 1491(a)(1) (conferring jurisdiction on the Court of Federal Claims and waiving sovereign immunity for damages claims based upon a federal law specifically authorizing the payment of money damages by the Government or based upon a governmental contract).

### III. The Individual Defendants' Motion to Strike (Dkt. No. 39)

The Individual Defendants move to strike Plaintiffs' Motion for Legislative Consent To Waive Sovereign Immunity, arguing that Plaintiffs' request is immaterial and impertinent. Dkt. No. 39, p. 3. In the alternative, the Individual Defendants ask that Plaintiffs' Motion be denied based on the inapplicability of Section 106 and the Tucker Act to this case and this Court's lack of jurisdiction to hear such matters, in any event. Id. Because the Court has determined that Plaintiffs' Motion to waive sovereign immunity is subject to dismissal on mootness grounds, the Individual Defendants' request to strike the same is likewise rendered moot. Thus, this Motion is **DISMISSED as moot.**

### IV. The Individual Defendants' Motion to Dismiss (Dkt. No. 22)

The Individual Defendants move to dismiss Plaintiffs' claims against them, arguing that absolute immunity, or, alternatively, qualified immunity, protects them from suit. Dkt. No. 22, pp. 3-19. The movants also contend that Plaintiffs

AO 72A
(Rev. 8/82)

fail to set forth any plausible claim for relief against them.
Id. at pp. 20-22.

**A. Bivens Claims**

In Bivens, the Supreme Court of the United States recognized a cause of action for damages against a federal official who deprives a person of her federal constitutional or statutory rights. 403 U.S. at 396. It is well settled, however, that federal prosecutors, as well as federal-government attorneys participating in civil proceedings, are entitled to absolute immunity from suit for acts or omissions relating to the judicial process. See Buckley v. Fitzsimmons, 509 U.S. 259, 272-73 (1993) (prosecutors generally); Butz v. Economou, 438 U.S. 478, 511-12 (1978) (civil attorneys); Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (federal prosecutors). A government official seeking to assert absolute immunity bears the burden of demonstrating that such immunity is warranted for the function in question. Buckley, 509 U.S. at 269 (quoting Burns v. Reed, 500 U.S. 478, 486 (1991), and Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 432 & n.4 (1993)). In other words, a court deciding whether absolute immunity applies in a given case must look to "the nature of the function performed, not the identity of the actor who performed it." Id. (quoting Forrester v. White, 484 U.S. 219, 229 (1988)). If the government official is able to show that the complained-of

11

actions were taken "in preparing for the initiation of judicial proceedings or for trial" or occurred "in the course of his role as an advocate for the [government]," then absolute immunity shields him from suit for money damages.  Id. at 273; see also Bolin, 225 F.3d at 1242 (absolute immunity applies to acts "taken in initiating a prosecution and in presenting the government's case" (citing Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999); and Fullman v. Graddick, 739 F.2d 553, 558-59 (11th Cir. 1984)).

The Individual Defendants have carried their burden of establishing that they are entitled to absolute immunity from Plaintiffs' Bivens action.  It is undisputed that each of the Individual Defendants serves as U.S. Attorney or Assistant U.S. Attorney in this District.  See Dkt. No. 5.  Moreover, the factual underpinnings of Plaintiffs' claims include only actions that these Defendants allegedly took while representing the government in prior civil proceedings: (1) the Individual Defendants allegedly required that Plaintiff Angela Favors-Morrell meet with the U.S. Marshals in response to her request for certain information in prior civil actions; (2) they allegedly threatened to pursue sanctions against her in a prior action; (3) one of the Individual Defendants allegedly discussed procedures for exchanging discovery with her; and (4) these

12

Defendants allegedly misled courts and withheld evidence during prior litigation. See id. at pp. 2-5. Even assuming the truth of these allegations, as the Court must do at this stage, the Individual Defendants are afforded absolute immunity from suit for their conduct while functioning as government advocates. Thus, the Individual Defendants' Motion is **GRANTED** as to Plaintiffs' damages claims under Bivens.

## B. Claims Under Section 1983 and Section 1986

Section 1983 provides redress where a person acting under color of state law violates another's federally protected rights. 42 U.S.C. § 1983. Section 1986, by contrast, creates a cause of action against any person who has knowledge of a conspiracy to interfere with civil rights and has the power to prevent the commission of such wrongs but neglects to do so. Id. § 1986; see also id. § 1985 (conspiracy to interfere with civil rights). Significantly, Section 1983 and the related civil rights statutes do not apply where it is federal, rather than state, action that is challenged. See Roots v. Callahan, 475 F.2d 751, 752 (5th Cir. 1973) ("It is settled that a suit will not lie under [Section] 1983 against a federal official acting under color of federal law." (citing Betha v. Reid, 445 F.2d 1163, 1164 (3d Cir. 1971); Williams v. Rogers, 449 F.2d

AO 72A
(Rev. 8/82)

513, 517 (8th Cir. 1971); and <u>Norton v. McShane</u>, 332 F.2d 855, 862 (5th Cir. 1964))).[3]

In the instant matter, Plaintiffs challenge the conduct of the Individual Defendants, who, as U.S. Attorney and Assistant U.S. Attorneys, are indisputably federal, not state, officials. As such, Plaintiffs cannot sustain a claim against these Defendants under Section 1983 and Section 1986. The Individual Defendants' Motion is, therefore, **GRANTED** as it relates to these claims.

## CONCLUSION

In light of the foregoing, the Government's Motion to Dismiss (dkt. no. 16) and the Individuals Defendants' Motion to Dismiss (dkt. no. 22) are **GRANTED,** and Plaintiffs' claims against all Defendants are hereby **DISMISSED.** Plaintiffs' Motion for Legislative Consent To Waive Sovereign Immunity (dkt. no. 36), and the Individual Defendants' Motion to Strike the same (dkt. no. 39), are **DISMISSED as moot.** The Clerk of Court is **DIRECTED** to enter the appropriate judgment of dismissal and to close this case.

---

[3] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Court of Appeals for the Eleventh Circuit adopted as binding precedent all of the former Fifth Circuit decisions prior to September 30, 1981.

14

**SO ORDERED**, this 8TH day of June, 2016.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)