# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| ANGELA FAVORS MORRELL,<br><br>    Plaintiff,<br><br>    v.<br><br>PAUL O'NEILL, et al.,<br><br>    Defendants. | CV 200-158 |
| ANGELA FAVORS MORRELL, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | CV 209-058 |
| ANGELA FAVORS MORRELL,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | CV 211-091 |
| ANGELA FAVORS MORRELL,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, U.S.<br>DEPARTMENT OF JUSTICE,<br><br>    Defendant. | CV 214-164 |

```
ANGELA FAVORS MORRELL, et al.,    |
                                   |
     Plaintiffs,                   |
                                   |
v.                                 |   CV 215-024
                                   |
UNITED STATES, et al.,             |
                                   |
     Defendants.                   |
```

## ORDER

Before the Court is a Request to Reopen filed by Plaintiffs Angela Favors-Morrell and Tony Morrell. Dkt. No. 96.[1] Like their latest motion filed October 15, 2024, Plaintiffs claim to have "new" information to support the reopening of their cases. This time, Plaintiffs appear to argue that audits of the Department of Homeland Security's ("DHS") financial statements show that DHS (and FLETC) "did not comply with applicable federal accounting standards in certain instances." Id. at 5. As in their previous motion, Plaintiffs do not identify the legal authority upon which their motion is based. However, the Court gives Plaintiffs—pro se litigants—the benefit of the doubt and liberally construes their filing as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).

## LEGAL AUTHORITY

> On motion and just terms, the court may relieve a party or its legal representative from a final

---

[1] The motion was filed in five closed cases assigned to the undersigned. See Case No. 2:00cv158; Case No. 2:09cv058; Case No. 2:11cv091; Case No. 2:14cv164; and Case No. 2:15cv024. The motion was also filed in 2:12mc004, which is assigned to a different District Judge and, therefore, outside the bounds of this Order. References to the docket are to Case No. 2:15cv024.

2

judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

**DISCUSSION**

In their motion, Plaintiffs state that "[t]he Fiscal Years '2009, '2010, 2023 and 2024 Audits are the Plaintiffs [sic] supporting documentation." Dkt. No. 96 at 4. It thus appears Plaintiffs are moving for relief under Rule 60(b)(2) based on newly discovered evidence. This Court is unable to provide Plaintiffs the relief they seek, however. Per Rule 60(c)(1), motions brought pursuant to Rule 60(b)(2) "must be made within a reasonable time" and "no more than a year after the entry of judgment." Looking at the record in the five closed cases within which Plaintiffs filed their motion, the most recent judgment from which Plaintiffs might be seeking relief was

3

entered in June 2016. Dkt. No. 53. Plaintiffs' motion is, therefore, woefully untimely under Rule 60(b)(2).

Perhaps Plaintiffs are seeking relief pursuant to Rule 60(b)(6) for "any other reason that justifies relief." Unlike Rule 60(b)(2) motions, "Rule 60(b)(6) motions are not subject to the one-year limitations period, and only have to be made within a 'reasonable time.'" Weiss v. Warden, 703 F. App'x 789, 791 (11th Cir. 2017). This avenue, however, does not provide Plaintiffs the relief they seek. The Eleventh Circuit has "held that Rule 60(b)(6) relief is inappropriate where the case falls into one of the other categories listed in subsections (1)-(5) of Rule 60(b)." Id. (citing United States v. Real Prop. & Residence Located at Route 1, Box 111, Firetower Rd., Semmes, Mobile Cnty., Ala., 920 F.2d 788, 791 (11th Cir. 1991)); see also Motes v. Couch, 766 F. App'x 867, 870 (11th Cir. 2019) ("Rule 60(b)(6) is inappropriate where the motion fits into one of the grounds listed in subsections (1)-(5)."). Here, Plaintiffs allege they have new evidence to support the reopening of their cases, and new evidence fits squarely within Rule 60(b)(2)'s grounds for relief. Thus, Rule 60(b)(6) relief is unavailable to Plaintiffs. Moreover, nothing about their submission provides "any other reason that justifies relief."

## CONCLUSION

Plaintiffs' motion for relief from judgment based on newly discovered evidence is untimely under Rule 60(b)(2) and

4

inappropriate under Rule 60(b)(6). Accordingly, their Request to Reopen, dkt. no. 96, is **DENIED**.

**SO ORDERED**, this 29 day of January, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

5